UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| LINDSAY LIEBERMAN, | |
|---|---|
| Plaintiff, | Case No. 21-CV-05053 |
| -against- | |
| C.A. GOLDBERG, PLLC & CARRIE A. GOLDBERG, | **AMENDED ANSWER AND COUNTERCLAIM** |
| Defendants. | |
| C.A. GOLDBERG, PLLC, | |
| Counterclaim Plaintiff, | |
| -against- | |
| LINDSAY LIEBERMAN, | |
| Counterclaim Defendant. | |

Defendants, by their attorneys, Crumiller P.C., as and for their amended answer to the Complaint, allege as follows:

1. Defendants consent to the jurisdiction and venue of the Court.

2. Defendants admit the allegations contained within paragraphs 4, 5, 8, and 33.

3. Defendants deny the allegations contained within paragraphs 1, 2, 3, 10, 11, 12, 13, 15, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 38, 39, 40, 41, 42, 45, 46, 47, 48, 50, 51, 52, 53, 54, 56, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 83, 84, 85, 86, 87, 88, 89, 90, 92, 93, 94, 95, 96, 97, 99, 102, 103, 104, 105, 106, 107, 109, 111, 112, 113, 114, 115, 116, 117, 119, 121, 122, 123, 124, and 125.

4. Defendants lack information sufficient to form a belief as to the truth of the allegations contained within paragraphs 6, 7, 9, 14, 16, 17, 18, 19, 24, 25, 34, 43, 44, 49, 55, and 57.

5. Paragraphs 74, 82, 91, 98, 100, 101, 108, 110, 118, 120, and 126 consist of legal assertions for which no factual response is warranted.

1

## FIRST AFFIRMATIVE DEFENSE

6. The Complaint fails, in whole or in part, to state a claim under which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

7. Defendants' actions were based on legitimate, non-discriminatory, and non-retaliatory business reasons, which Plaintiff cannot establish were pretext for unlawful discrimination or retaliation.

## THIRD AFFIRMATIVE DEFENSE

8. Plaintiff's claims for damages are barred, in whole or in part, because she failed to use reasonable diligence to mitigate and/or minimize her alleged damages.

## FOURTH AFFIRMATIVE DEFENSE

9. Plaintiff failed to avail herself of remedies available to her in connection with the purported complaints of discrimination, preventing Defendants from taking any requisite remedial action.

## FIFTH AFFIRMATIVE DEFENSE

10. Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

## SIXTH AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

## COUNTERCLAIM

1. Defendant/Counterclaim Plaintiff C.A. Goldberg, PLLC or (hereinafter "C.A. Goldberg" or "The Firm") is a Victim's Rights law firm that focuses on representing victims of sexual assault. C.A. Goldberg has also provided representation and advice to clients concerning Title IX complaints of sexual misconduct and Title IX proceedings.

2. On June 24, 2016, Plaintiff/Counterclaim Defendant Lieberman signed an offer letter with The Firm agreeing to commence employment as an Associate Attorney.

3. In this offer letter, Plaintiff/Counterclaim Defendant agreed that "All employment with the Firm is subject to policies, procedures, and standards of conduct generally applicable to all employees."

4. The Firm's policies are outlined in the C.A. Goldberg Employee handbook, which was provided to Lieberman and which Lieberman reviewed.

5. The 2018 C.A. Goldberg Employee Handbook states:

> **Outside Employment and Income**
>
> CAG employees should not engage in any form of outside employment which directly or indirectly competes with or conflicts with the services and/or nature of work performed at CAG. This includes, but is not limited to moonlighting, either as an employee or self-employed, and regardless of whether or not the employee is compensated.
>
> Employees should notify management if they engage in or intend to engage in any outside employment so as to avoid disruption of or accommodation to an employee's work schedule.

6. However, throughout discovery in the instant litigation, C.A. Goldberg learned that Plaintiff/Counterclaim Defendant violated this policy and became a faithless servant of C.A. Goldberg by diverting business opportunities from C.A. Goldberg, engaging in outside employment that directly competes with C.A. Goldberg, and intending to engage in outside employment without notifying C.A. Goldberg.

7. On July 28, 2020, Lieberman and her career coach, Meredith Mitnick, discussed Lieberman approaching her previous employer, a college Sorority ("the Sorority") for career opportunities to provide legal counseling.[1]

8. On December 1, 2020, Mitnick emailed Lieberman and informed her that she was in contact with the Sorority, and that she told the Sorority that Lieberman "work[s] for a fancy NY firm and seem to work within sexual/cyber crimes," that the Sorority may not be able to "afford" Lieberman "as [Lieberman] clearly work at a big fancy NYC law firm, but at least there may be a conversation to take place."

9. Lieberman received an email from the Sorority that same day concerning an opportunity to be a legal consultant for the Sorority, providing legal consultations and doing legal work.

10. On or around December 2, 2020, Lieberman responded to the Sorority that she would be "happy to help," effectively communicating that she would be willing to engage in outside employment with the Sorority.

11. On January 25, 2021, while Lieberman was still employed by C.A. Goldberg, Lieberman received an email on her personal email account from the Sorority concerning an outside employment opportunity to provide legal counseling to the Sorority concerning Title IX complaints.

12. Lieberman did not bring this opportunity to C.A. Goldberg's attention, even though Lieberman was aware that C.A. Goldberg had experience and expertise in Title IX work. Specifically, Lieberman had worked on preparing a presentation on Best Practices for Handling

---

[1] In an effort to honor the attorney-client privilege between Lieberman and her former client, Defendants are keeping the name of Lieberman's former client anonymous throughout this filing and refer to the client as "the Sorority."

4

Tech-related Title IX Complaints at another university, and litigated Title IX claims on behalf of several of C.A. Goldberg's clients.

13. Instead, Lieberman engaged in outside employment which directly competes with C.A. Goldberg, by setting up and conducted a 30-minute call with the Sorority about this employment opportunity, wherein she "heard what their issues were" and "gave [the Sorority] some thoughts [] off the top of her head.

14. On or around February 2021, while Lieberman was still employed by C.A. Goldberg, Lieberman reported to a third party on her personal email account that she sent a "formal proposal" to the Sorority, writing, "I am willing take on this work as an independent contractor so the organization wouldn't have to go through the law firm and the steep pricing that accompanies it."

15. Lieberman did not notify management of her intention to engage in outside employment pursuant to the Firm's Outside Employment and Income policy.

16. Lieberman diverted business opportunities from the Firm so she could engage in competitive work for her own financial gain.

17. Lieberman acted as a faithless servant to the Firm by engaging in outside employment which directly competes with the services of C.A. Goldberg, moonlighting, and failing to notify management of her intention to engage in outside employment pursuant to the Firm's policy.

18. Upon information and belief, this is not the only instance in which Lieberman has engaged in outside employment without notifying C.A. Goldberg.

19. On March 5, 2021, C.A. Goldberg terminated Lieberman's employment effective March 12, 2021.

20. At Lieberman's deposition, Lieberman testified that she did not consider her communications with the Sorority to be "inquiries for legal work," but were rather "an attempt to

get some free information about ideas and how they could go about managing an issue in their chapter… they were just starting a conversation to see, if, you know, if I had any ideas for them."

21. This is belied by Lieberman's own written email correspondence, in which she proposed to work for the Sorority as an independent contractor at a discounted price so that the Sorority would not need to go through a law firm.

22. Following her termination from the Firm, the Sorority engaged Lieberman and paid Lieberman $18,500 in legal fees.

23. As a result of Lieberman's actions as a faithless servant to C.A. Goldberg, C.A. Goldberg never had the opportunity to engage the Sorority's services or earn this money for the Firm.

24. Moreover, C.A. Goldberg continued to pay Lieberman her salary for months while Lieberman acted as a faithless servant.

25. Had C.A. Goldberg been aware that Lieberman was in violation of the Firm's Outside Employment and Income policy, she would have terminated Lieberman at the time the violation commenced.

## FIRST CAUSE OF ACTION: FAITHLESS SERVANT

26. C.A. Goldberg realleges and incorporates by reference all preceding paragraphs of this Counterclaim as though fully set forth herein.

27. The Offer Letter, incorporating 2018 C.A. Goldberg Employee Handbook, is a valid and legally binding contract.

28. Lieberman has unjustifiably and inexcusably acted as a faithless servant to her employer by breaching the Offer Letter and the 2018 C.A. Goldberg Employee Handbook by diverting clients away from C.A. Goldberg, failing to notify management of her intent to engage in outside employment, and engaging in outside competitive employment opportunities.

29. C.A. Goldberg performed under the contract.

30.     As a direct and proximate cause of Lieberman's breaches, C.A. Goldberg has suffered and continues to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully requested that this Court issue an order dismissing the complaint with prejudice, awarding Defendants reasonable attorney's fees and costs, and granting such other relief as may be just;

C.A. Goldberg respectfully requests judgment in its favor against Plaintiff/Counterclaim Defendant granting relief in its favor as follows:

A.     Monetary damages including the amount of salary and benefits Lieberman was paid while she was in breach;

B.     Monetary damages incurred by C.A. Goldberg as a result of Lieberman's violation of the Outside Employment and Income policy, including, but not limited to, the $18,500 she earned as a result of her outside competitive employment.

C.     Such other relief that the Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP § 38(b), Defendant/Counterclaim Plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       December 7, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　Susan K. Crumiller
　　　　　　　　　　　　　　　　　　　　　　　　Hilary J. Orzick
　　　　　　　　　　　　　　　　　　　　　　　　Crumiller P.C.
　　　　　　　　　　　　　　　　　　　　　　　　16 Court St, Ste 2500
　　　　　　　　　　　　　　　　　　　　　　　　Brooklyn, NY 11241
　　　　　　　　　　　　　　　　　　　　　　　　(212) 390-8480
　　　　　　　　　　　　　　　　　　　　　　　　susan@crumiller.com
　　　　　　　　　　　　　　　　　　　　　　　　hilary@crumiller.com
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants/
　　　　　　　　　　　　　　　　　　　　　　　　Counterclaim Plaintiff

TO: Brian Heller and Davida S. Perry
Schwartz Perry & Heller, LLP
3 Park Ave, Ste 2700
New York, NY 10016
(212) 889-6565
bheller@sphlegal.com, dperry@sphlegal.com
Attorneys for Plaintiff/
Counterclaim Defendant