UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LINDSAY LIEBERMAN

                                             **1:21-cv-05053-ENV-RER**

                      *Plaintiff*,

     -against-

C.A. GOLDBERG, PLLC & CARRIE A. GOLDBERG,

                      *Defendants*.
------------------------------------------------------------------------X

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT

---

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*
**3 Park Avenue, Suite 2700**
**New York, NY 10016**
**(212) 889-6565**

## <u>TABLE OF CONTENTS</u>

| <u>SUBJECT</u> | <u>PAGE</u> |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| POINT I    SUBJECT MATTER EXISTS UNDER NEW YORK LAW | 1 |
| POINT II    LIEBERMAN ESTABLISHES SUBJECT MATTER JURISDICTION UNDER HOFFMAN/SYEED | 3 |
| CONCLUSION | 6 |
| CERTIFICATE OF WORD COUNT | 7 |

## <u>TABLE OF AUTHORITIES</u>

<u>CASE</u>                                                                                  <u>PAGE</u>

<u>Anderson v. HotelsAB, LLC,</u>
     2015 U.S. Dist. LEXIS 111820 (S.D.N.Y. Aug. 24, 2015)     4

<u>City of New York v. Fleet General Insurance Group, Inc.,</u>
     2024 U.S. App. LEXIS 18189 (2d Cir. July 24, 2024)     2

<u>Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.,</u>
     780 F.2d 549 (6th Cir. 1986)     2

<u>Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.,</u>
     440 F.3d 571 (2d Cir. 2006)     3

<u>Hoffman v. Parade Publishing,</u>
     15 N.Y.3d 285 (2010)     1

<u>Intl. Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.,</u>
     411 F. Supp. 2d 458 (S.D.N.Y. 2006)     2

<u>Oscanyan v. Arms Co.,</u>
     103 U.S. 261 (1880)     3

<u>Railway Co. v. Ramsey,</u>
     89 U.S. (22 Wall.) 322 (1874)     2

<u>Shiber v. Centerview Partners LLC,</u>
     2022 U.S. Dist. LEXIS 72710 (S.D.N.Y. Apr. 20, 2022).
     2024 U.S. Dist. LEXIS 116832 (S.D.N.Y. July 2, 2024)     4-5

<u>Syeed v. Bloomberg L.P.,</u>
     58 F.4th 64 (2d Cir. 2023),
     41 N.Y.3d 446 (2024)     1, 3-5

## PRELIMINARY STATEMENT

Plaintiff Lindsay Lieberman ("Lieberman") respectfully makes this motion pursuant to Local Civil Rule 6.3 seeking reconsideration of only that portion of the Court's Order of May 2, 2025 ("the Order"), dismissing Lieberman's claims for lack of subject matter jurisdiction under the New York State and City Human Rights Laws ("New York Law").

Reargument is appropriate to correct two clear errors in the Order. First, the Court made the factual determination that Lieberman did not perform work within New York City, even though the parties agreed on the outset of this case that the facts permitted Lieberman to proceed under New York Law, and without permitting Lieberman to address this issue. Second, the Court incorrectly relied upon Hoffman v. Parade Publishing, 15 N.Y.3d 285, 289 (2010), in finding that subject matter jurisdiction did not exist under New York Law, overlooking the Court of Appeals' recent holding in Syeed v. Bloomberg L.P., 41 N.Y.3d 446 (2024), which expanded Hoffman's impact test to match Lieberman's claims.

Accordingly, Lieberman respectfully requests that the Court grant her motion for reargument of its Order and find that subject matter jurisdiction under New York Law exists. In the alternative, Lieberman respectfully requests the opportunity to demonstrate the factual basis for finding that subject matter exists under New York Law.

## POINT I

## SUBJECT MATTER EXISTS UNDER NEW YORK LAW

The parties' submissions confirm that New York Law applies to this case. As the Court noted in its Order (pg. 14 n.10), Defendants did not argue that the Court lacks subject matter jurisdiction. To the contrary, from the commencement of this case, Defendants acknowledged and accepted that the Court has subject matter jurisdiction under New York Law. (See Answer ¶6, dkt

#9). Based on this agreement that New York Law applies, the parties submitted a stipulation to the Court dated October 12, 2021, withdrawing the causes of action under Rhode Island law and confirming that "the Court has jurisdiction over" Lieberman's claims under New York Law. The Court So Ordered that very stipulation on October 13, 2021 (dkt. #15).

While the parties cannot stipulate to this Court's subject matter jurisdiction, they can stipulate to facts that establish subject matter jurisdiction.  As the Second Circuit recognized in City of New York v. Fleet General Insurance Group, Inc., 2024 U.S. App. LEXIS 18189, at *4 (2d Cir. July 24, 2024):

> "[T]here is a distinction between an admission that federal subject matter jurisdiction exists, and an admission of facts serving in part to establish federal subject matter jurisdiction. Parties may admit the existence of facts which show jurisdiction, and the federal courts may act judicially upon such an admission."

Citing Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc., 780 F.2d 549, 551 (6th Cir. 1986) and Railway Co. v. Ramsey, 89 U.S. (22 Wall.) 322, 327 (1874); Intl. Equity Invs., Inc. v. Opportunity Equity Partners, Ltd., 411 F. Supp. 2d 458, 465 (S.D.N.Y. 2006) (noting that "consent of parties cannot give the courts of the United States jurisdiction, but the parties may admit the existence of facts which show jurisdiction, and the courts may act judicially upon such an admission.").

Additionally, Defendants' recognition in their Answer and in the So Ordered Stipulation of October 13, 2021 that New York Law applies is an admission that must be given weight. As the Second Circuit noted in Fleet General, 2024 U.S. App. LEXIS 18189, at *4-5:

> "Facts admitted in an answer, as in any pleading, are judicial admissions that bind the defendant throughout this litigation. The power of the federal court to act upon facts conceded by counsel is as plain as its power to act upon the evidence produced."

Citing <u>Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.</u>, 440 F.3d 571, 578 (2d Cir. 2006) and <u>Oscanyan v. Arms Co.</u>, 103 U.S. 261, 263 (1880) ("[A]ny fact, bearing upon the issues involved, admitted by counsel, may be the ground of the court's procedure *equally as if established by the clearest proof.*") (emphasis added in <u>Fleet General</u>)).

The Court was permitted to rely upon the parties' representations in finding that there is subject matter jurisdiction under New York Law. Instead, the Order, *sua sponte* and contrary to the parties' agreement, made the factual determination that New York Law did not apply, without providing Plaintiff even an opportunity to address this issue. Accordingly, reargument and reconsideration are appropriate.

## POINT II

## LIEBERMAN ESTABLISHES SUBJECT MATTER JURISDICTION UNDER *HOFFMAN/SYEED*

The Court found that Lieberman did not satisfy the "impact test" established in <u>Hoffman v. Parade Publishing</u>, 15 N.Y.3d 285, 289 (2010). However, the Court omitted the Court of Appeals' recent decision in <u>Syeed v. Bloomberg L.P.</u> In <u>Syeed</u>, the Second Circuit certified the question of whether a non-resident plaintiff can assert a claim under New York Law where she demonstrates "that an employer deprived the plaintiff of a New York City-or State-based job opportunity on discriminatory grounds." 58 F.4th 64 (2d Cir. 2023).

The New York Court of Appeals subsequently answered that question in the affirmative. Specifically, the Court stated: "we hold that the New York City and New York State Human Rights Laws each protect nonresidents who are not yet employed in the city or state but who proactively sought an actual city- or state-based job opportunity." <u>See Syeed v. Bloomberg L.P.</u>, 41 N.Y.3d at 453. The Court held that, when construing the City and State Laws as broadly in favor of discrimination plaintiffs as is reasonably possible, "a prospective inhabitant or employee, who was

3

denied a job opportunity because of discriminatory conduct, fits comfortably within the Human Rights Laws' protection." Id.

The Syeed Court held that these protections met the broad goals of the New York Laws, stating, "Our conclusion is buttressed by important policy considerations specifically addressed in the Human Rights Laws." Id. The Court noted that beyond just the harm suffered by the plaintiff, "the Human Rights Laws contemplate that discrimination harms the state and city as governmental institutions, in addition to the targeted individual" and that Syeed's holding "has the beneficial effect of protecting New York institutions and the general welfare of the state and city – as the legislature and city council intended." Id. at 454.

The Syeed decision affirmed cases that applied a broader analysis of the coverage of New York Laws. For example, the Court of Appeals cited Anderson v. HotelsAB, LLC, 2015 U.S. Dist. LEXIS 111820, at *12 (S.D.N.Y. Aug. 24, 2015), where the court held that the New York City Human Rights Law applied where the plaintiff was denied a position in Suffolk County that would have caused her to work in New York City months later. The court rejected the defendants' argument that "the NYCHRL would deny protection against hiring discrimination to anyone who did not actually cross the employer's threshold in New York," finding the prospect of the plaintiff working in New York City "provid[es] the necessary New York City workplace nexus for her claim of a NYCHRL-covered injury." Id.

The significance of Syeed is demonstrated by the two decisions in Shiber v. Centerview Partners LLC, 2022 U.S. Dist. LEXIS 72710 (S.D.N.Y. Apr. 20, 2022). In that case, the plaintiff worked remotely from her home in New Jersey due to the pandemic and was terminated before she was able to work in defendant's New York City offices. Id. at *2. In Shiber I, which this Court cited in the Order, the court found no subject matter jurisdiction under New York Law where the

4

plaintiff alleged that, "had she not been fired, she at some point might have been able to work in New York City. This is not enough." Id. at *10. Two years later, however, in Shiber II, the same court found subject matter jurisdiction under New York Law, recognizing that "[t]he legal landscape has changed" since Syeed. 2024 U.S. Dist. LEXIS 116832, at *8 (S.D.N.Y. July 2, 2024).

In this case, while the parties have not litigated or briefed the factual question of Lieberman's work or prospective work in New York City, the facts nevertheless show that Lieberman would have worked in New York City. Although Lieberman moved to Rhode Island in December 2017, her primary responsibilities remained in New York City. (Lieberman Decl. ¶16). Lieberman frequently returned for work-related matters, court appearances and after-work firm gatherings. (Lieberman Decl. ¶¶16-17).

The only reason that Lieberman was not in New York during the time she was discriminated against was because of the COVID-19 pandemic. The pandemic was at its height during the crux of this case. Lieberman returned from maternity leave in early March 2020 (when the pandemic started and she was terminated on March 5, 2021 (just as the vaccines were being released). Had Lieberman been permitted to continue in her role, she necessarily would have resumed working in New York City on a regular and substantive basis, both meeting with clients and appearing in court. This case, therefore, is like Shiber, since Lieberman was denied the ability to work in New York City due to the pandemic, though she would have done so but for her termination.

Accordingly, this Court has subject matter jurisdiction under the more expansive geographic analysis required by Syeed, so that the Court should reconsider the Order.

5

## **CONCLUSION**

For the foregoing reasons, Lieberman respectfully requests that the Court reconsider and reverse that portion of the Order finding a lack of subject matter jurisdiction under New York Law, deny Defendants' motion for summary judgment in its entirety, and for such further relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By: _____
       BRIAN HELLER
       DAVIDA S. PERRY
       3 Park Avenue, Suite 2700
       New York, NY 10016
       (212) 889-6565

## CERTIFICATE OF WORD COUNT

I hereby certify pursuant to Local Rules 6.3 and 7.1(c) that the foregoing brief complies with the word count limit and that, the word count of Microsoft Word, the word-processing system used to prepare this brief, states that the total number of words, excluding the caption, table of contents, table of authorities, and signature block, is 1,582 and is compliant with the 3,500 word count limitation.

Dated: New York, NY
        May 12, 2025

**SCHWARTZ PERRY & HELLER, LLP**
*Attorneys for Plaintiff*

By:_____
    BRIAN HELLER
    DAVIDA S. PERRY
    3 Park Avenue, Suite 2700
    New York, NY 10016
    (212) 889-6565

7