UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LINDSAY LIEBERMAN,

               Plaintiff,

-against-

C.A. GOLDBERG, PLLC &
CARRIE A. GOLDBERG,

               Defendants.

Case No. 21-CV-05053

# DEFENDANTS' MEMORANDUM OF LAW IN IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REARGUMENT

Hilary J. Orzick
Crumiller P.C.
16 Court St, Ste 2500
Brooklyn, NY 11241
(212) 390-8480
hilary@crumiller.com
Attorneys for Defendants

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    This Court Correctly Found That the Parties' Stipulation Does Not Control Whether This Court Has Subject Matter Jurisdiction ........................................................................... 2

    II.    Plaintiff's Newly Introduced Facts Concerning the Pandemic's Impact Over Her Work Location Contract Her Prior Statements, and are Made in Bad Fath ......................................... 3

    III.    This Court Did Not Overlook Any Argument or Relevant Caselaw .............................. 5

CONCLUSION ............................................................................................................................... 6

## TABLE OF AUTHORITIES

**Cases**

*Anglo Am. Ins. Group v. CalFed, Inc.*,
940 F.Supp. 554 (S.D.N.Y. 1996) ................................................................................................ 2

*Ferring B.V. v. Allergan, Inc.*,
No. 12 Civ. 2650 (RWS), 2013 WL 4082930, 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013).... 1

*Hoffman v. Parade Publishing*,
15 N.Y.3d 285 (2010) .................................................................................................................. 5

*Schonberger v. Serchuk*,
742 F.Supp. 108 (S.D.N.Y. 1990).......................................................................................... 2, 4

*Shiber v. Centerview Partners LLC*,
No. 21-cv-3649 (ER), 2024 WL 3274420 (S.D.N.Y. July 2, 2024) .......................................... 6

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995) .......................................................................................................... 2

*Sikhs for Justice v. Nath*,
893 F.Supp.2d 598 (S.D.N.Y. 2012) .......................................................................................... 2

*Staryl Desiderio v. Hudson Technologies, Inc. et. al.*,
No. 22-CV-00541 (ER), 2025 WL 1285278 (S.D.N.Y. May 2, 2025) ...................................... 5

*Syeed v. Bloomberg L.P.*,
41 N.Y.3d 446 (2024) ............................................................................................................ 1, 5

*Zanotti v. Invention Submission Corp.*,
No. 18-cv-5893, 2020 WL 2857304 (S.D.N.Y. June 2, 2020) ................................................... 2

Defendants C.A. Goldberg, PLLC ("C.A. Goldberg" or "the Firm") and Carrie A. Goldberg respectfully submit this memorandum of law in opposition to Plaintiff Lindsay Lieberman's Motion for Reconsideration and Reargument of that portion of the Court's May 2, 2025, Order granting summary judgment on Plaintiff's discrimination claim based on subject matter jurisdiction.

## PRELIMINARY STATEMENT

Plaintiff is grasping at straws. The Court correctly found that Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") are not justiciable because Plaintiff failed to plead that the impact of the alleged discrimination was felt by her in New York. Dkt. No. 44.

This Court correctly considered and distinguished cases with holdings synonymous to *Syeed v. Bloomberg L.P.*, 41 N.Y.3d 446 (2024). No relevant caselaw was overlooked, and Plaintiff ignores Your Honor's carefully thought-out order and disregards the standard for reconsideration, and she should not be permitted to use Local Rule 6.3 to relitigate issues already considered and decided by this Court.

Plaintiff's attempt to muddy the record by introducing new facts that the pandemic somehow impacted her work location should be disregarded. Plaintiff's motion should be denied in its entirety.

## ARGUMENT

Reconsideration of a court's prior order under Local Rule 6.3 "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Ferring B.V. v. Allergan, Inc.,* No. 12 Civ. 2650 (RWS), 2013 WL 4082930, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Sikhs for Justice v. Nath*, 893 F.Supp.2d

1

598, 605 (S.D.N.Y. 2012)). Accordingly, the standard of review applicable to such a motion is "strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion and that might "materially have influenced its earlier decision." *Anglo Am. Ins. Group v. CalFed, Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y. 1996) (internal quotation marks and citation omitted). A party seeking reconsideration may neither repeat "arguments already briefed, considered and decided" nor "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted).

I.  **This Court Correctly Found That the Parties' Stipulation Does Not Control Whether This Court Has Subject Matter Jurisdiction**

This Court correctly cited, "a federal court cannot simply accept a stipulation of the parties regarding subject matter jurisdiction—whether it be that jurisdiction does or does not exist—without rendering an affirmative finding on that issue." *Zanotti v. Invention Submission Corp.*, No. 18-cv-5893, 2020 WL 2857304, at *8 (S.D.N.Y. June 2, 2020) (quotations omitted).

Plaintiff attempts to sidestep the Court's analysis by claiming that Defendants' Answer contains concessions to facts that impact the analysis of whether subject matter jurisdiction exists. Plaintiff cites to voluminous caselaw that the admission of facts concerning jurisdiction can be relied upon in establishing jurisdiction. *See* Dkt. No. 47 ("Plaintiff's MOL") at pp. 2-3. This caselaw is inapplicable. Defendants did not concede any factual issues pertaining to subject matter jurisdiction. Defendants merely "consent[ed]" to the applicability of the NYCHRL and

2

NYSHRL. *See* Dkt. No. 15 at §6.[1] Defendants did not affirm any underlying factual statements that impact the Court's analysis as to whether it has subject matter jurisdiction. *See* Dkt. No. 15. This is a conclusory statement that does not touch on the underlying facts on the location of the impact of Defendants' alleged discrimination. Defendants' admissions do not impact this Court's conclusion that subject matter jurisdiction does not exist; Plaintiff's argument fails.

II.  **Plaintiff's Newly Introduced Facts Concerning the Pandemic's Impact Over Her Work Location Contract Her Prior Statements and are Made in Bad Fath**

Plaintiff makes a last-ditch effort to revive her claims by introducing new facts that strain credulity and defy common sense. She claimed for the first time that, but-for the COVID-19 Pandemic and Defendants' termination of her employment, Lieberman would have worked in New York City. Dkt. No. 47 at p. 8.

Plaintiff argues:

> The only reason that Lieberman was not in New York during the time she was discriminated against was because of the COVID-19 pandemic. The pandemic was at its height during the crux of this case. Lieberman returned from maternity leave in early March 2020 (when the pandemic started and she was terminated on March 5, 2021 (just as the vaccines were being released). Had Lieberman been permitted to continue in her role, she necessarily would have resumed working in New York City on a regular and substantive basis, both meeting with clients and appearing in court. This case, therefore, is like *Shiber*, since Lieberman was denied the ability to work in New York City due to the pandemic, though she would have done so but for her termination.

Dkt. No. 47 at p. 8. This is the first time in the history of this litigation that Plaintiff suggests she would be working in New York City on a regular and substantive basis but for the pandemic. Plaintiff does not explain what about the pandemic prevented her from going to the New York City office, which never ceased being open and functional throughout the pandemic.

---

[1] Plaintiff notes that this argument ignores Defendants' Amended Answer, the operative Answer in this case, which does not include the consent to jurisdiction. Dkt. No. 21.

3

First, this Court may not consider Plaintiff's new facts. *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990) (citations omitted) (a party seeking reconsideration may neither repeat "arguments already briefed, considered and decided" nor "advance new facts, issues or arguments not previously presented to the Court."). As such, this line of argument should be disregarded.

Second, even if this Court were to consider these new facts, Plaintiff's new claims are in direct contradiction to her previously provided testimony and should be dismissed. In her summary judgment opposition, Plaintiff admits she moved to Rhode Island in 2017 – *3 years before the COVID-19 pandemic began* – because her romantic relationship with her now-husband was getting serious, and she wanted to move to see where the relationship went and that Goldberg enthusiastically agreed to allow Plaintiff to work remotely. *See* Plaintiff's Response to Defendants' 56.1 Statement ("56.1 Response") at §§ 17; 24. Plaintiff admitted that her "leaving the physical office left a desk open for another employee" and includes no mention of anticipating a return to New York. Dkt. No. 34-025 at §15. Plaintiff also admitted that she returned from maternity leave March 3, 2020, and was still living in Rhode Island and working remotely – two weeks before the COVID-19 pandemic caused a shut down in New York. *See* 56.1 Response at § 112-114. Moreover, Plaintiff testified, "While there was certainly an initial impact due to COVID, things resumed for the firm quickly." Dkt. No. 34-025 at § 54. She also testified, "Most of my cases did not involve court, so the fact that the courts closed for a time did not affect my ability to continue working on my cases and bring money into the firm (LL 115). Additionally, the federal courts and family court did not stop accepting new filings." *Id.* at §55. It is undisputed that Defendants terminated Plaintiff in March 2021, a year after the pandemic hit.

Plaintiff's prior testimony is in complete contradiction to her new argument the "only reason that Lieberman was not in New York during the time she was discriminated against was because of the COVID-19 pandemic." This Court should not entertain Plaintiff's new facts.

### III. This Court Did Not Overlook Any Argument or Relevant Caselaw

Plaintiff argues that reconsideration is appropriate because the Court did not explicitly distinguish it from *Syeed v. Bloomberg L.P.*, 41 N.Y.3d 446 (2024). Plaintiff fails to acknowledge that *Syeed* does not apply to this case.

This Court's reliance on *Hoffman v. Parade Publishing*, 15 N.Y.3d 285, 289 (2010) is appropriate. While Plaintiff is correct that *Syeed* expanded *Hoffman*, it did not do so in any way relevant to Plaintiff's claims. In *Syeed*, the New York Court of Appeals was asked to clarify whether, under *Hoffman*, a non-resident plaintiff alleging a ***failure to promote or hire claim*** feels discriminatory impact if they proactively sought an actual New York City or State based job opportunity. *Id.* The Court of Appeals answered that "[f]or purposes of the impact test, a failure to hire or promote case is distinct from a discriminatory termination case, like *Hoffman*" and that a non-resident who has been discriminatorily denied a job in New York City or New York state loses out on the chance to work and perhaps live in those areas, thus creating an impact that is felt in New York. *Syeed*, 41 N.Y.3d at 452–53 ("The prospective employee personally feels the impact of a discriminatory refusal to promote or hire in New York City or State, because that is where the person wished to work (and perhaps relocate) and where they were denied the chance to do so."). *See also Staryl Desiderio v. Hudson Technologies, Inc. et. al.*, No. 22-CV-00541 (ER), 2025 WL 1285278, at *15 (S.D.N.Y. May 2, 2025).

This is not the case in the instant litigation. Here, Defendants' alleged actions did not impact Plaintiff's work location. Plaintiff does not allege that Defendants failed to promote

5

Plaintiff or failed to hire her, nor does she allege that Defendants alleged discriminatory actions impacted her working location in any way. Thus, the holding in *Syeed* is not applicable.

The additional caselaw Plaintiff relies upon is similarly inapposite. Plaintiff cites to *Shiber v. Centerview Partners LLC*, No. 21-cv-3649 (ER), 2024 WL 3274420, at *3–4 (S.D.N.Y. July 2, 2024). In *Shiber "II"* (as Plaintiff refers to it), the plaintiff began working remotely for the defendant company from her home in New Jersey due to the Covid-19 pandemic, but she understood that she would be required to work in-person in the New York City office once the pandemic policy was lifted. *Id.* at *3. Her employment was terminated while the remote work policy was still in effect, and she brought a discriminatory termination claim under the NYCHRL and NYSHRL. *See id*. The Court explained that even though *Syeed* makes a distinction between the impact test for a failure to hire or promote case and a discriminatory termination case, the terminated employee's situation more closely resembled that of "a nonresident who engaged in affirmative conduct to obtain an actual job opportunity based in New York City or State," than *Hoffman* where "the plaintiff was a Georgia resident who worked in Georgia and wished to retain his Georgia employment." *Id.* at *4 (citations omitted). Plaintiff's facts more closely resemble *Hoffman*, not *Shiber II*. Plaintiff would not have worked in the State of New York but-for the pandemic and, by her own admission, was a Rhode Island resident who had every intention of permanently working remotely from Rhode Island. As such, *Shiner II* does not apply.

## CONCLUSION

There is no legitimate basis for reconsideration. The Court correctly found that Plaintiff's claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") are not justiciable because Lieberman failed to plead that the

6

impact of the alleged discrimination was felt by her in New York. Defendants therefore respectfully request Plaintiff's motion be denied in its entirety.