```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LINDSAY LIEBERMAN
                                                              1:21-cv-05053-ENV-RER
                    Plaintiff,

    -against-

C.A. GOLDBERG, PLLC & CARRIE A. GOLDBERG,

                    Defendants.
------------------------------------------------------------------------X
```

**DECLARATION IN OPPOSITION
TO DEFENDANTS' BILL OF COSTS**

I, BRIAN HELLER, hereby declare, under penalty of perjury and pursuant to 28 U.S.C §1746, that the following is true and correct:

1. As a partner in the law firm Schwartz Perry & Heller, LLP, attorneys for Plaintiff Lindsay Lieberman ("Plaintiff"), I am familiar with the facts and circumstances of this litigation. I submit this Declaration pursuant to Local Rule 54.1(b) in opposition to the bill of costs submitted by Defendants C.A. Goldberg, PLLC and Carrie A. Goldberg (collectively "Defendants") on May 16, 2025.

2. Defendants' proposed bill of costs results from the Order of the Court dated May 2, 2025, attached as Exhibit A, which granted dismissed Plaintiff's claims for a lack of subject matter jurisdiction. That same Order granted summary judgment – on the merits – on Plaintiff's motion to dismiss Defendants' counterclaims. A copy of the Judgment issued on May 5, 2025 is attached as Exhibit B.

3. It is well settled that "[t]he burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." Cohen v. Bank of N.Y. Mellon Corp., 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (citations omitted). Here, the

Defendants' proposed bill of costs does not meet that burden.

**<u>Defendants Should Not Be Awarded Any Costs</u>**

4. Under the circumstances that exist here, Defendants' bill of costs should be rejected in its entirety.

5. Defendants should not be *deemed* the 'prevailing party' in this litigation because the Court's grant of summary judgment was not based on any argument they raised. In fact, Defendants did not even argue that subject matter jurisdiction was lacking. Rather, the Court sua sponte dismissed the case on jurisdictional grounds, without reaching the merits.

6. Not only had Defendants not contested subject matter jurisdiction, in fact they signed a stipulation agreeing that the Court had subject matter jurisdiction over Plaintiff's claims under New York Law (dkt. #15).

7. The Court's delay in deciding the motion for summary judgment – which was no fault of the Plaintiff – also warrants rejecting Defendants' bill of costs. The two motions decided in the Order were both fully submitted in September 2022. These motions remained unresolved for *2 years and 8 months* before the Court finally issued its decision.

8. Had the issue of subject matter jurisdiction been resolved in a timely manner, Lieberman could have filed claims under Rhode Island Law. The statute of limitations has now expired on those viable claims, again through no fault of Plaintiff. Given the prejudice incurred upon the Plaintiff, it would be inequitable for her to have to then pay costs.

**<u>Defendants Improperly Seek Costs That Are Not Taxable</u>**

9. Defendants improperly seek costs for deposition transcripts that are not taxable. Local Rule 54.1(c)(2) provides that "the original transcript of a deposition, plus one copy, is taxable … if they were used by the court in ruling on a motion for summary judgment or other

dispositive substantive motion."

10. The only deposition transcript that the Court "used" in dismissing this case for lack of subject matter jurisdiction was of the Plaintiff. Accordingly, the only taxable deposition cost was for an original plus one copy of the transcript of the Plaintiff's deposition, which, as set forth in Defendants' Exhibit C, was $2,296.70.

11. Defendants improperly seek costs for convenience costs that it incurred with respect to Plaintiff's deposition, which are not taxable. The invoice for the Plaintiff's deposition included in Defendants' Exhibit C, which totals $4,444.39, includes charges for expedited delivery ($1,607.69), an appearance fee ($450), scanned exhibits ($65) and "MLV Connect" ($25), none of which are "the original transcript of a deposition, plus one copy" provided for in Local Rule 54.1(c)(2). Accordingly, the taxable costs for the deposition of the Plaintiff **must be reduced by $2,147.69**.

12. Defendants also seek costs for deposition transcripts that were not cited by the Court or the parties on the motion for summary judgment. In Defendants' Exhibit C, Defendants seek the costs for the transcripts of Plaintiff's therapist Elizabeth Johnson ($433.25), her husband Isaac Kardon ($494.35), her professional coach ($798.55) and her doctor, Virginia Bass ($446). The depositions of these witnesses were not cited by the Court, as they addressed damages rather than the issue of liability that was at issue on the motion for summary judgment. Accordingly, the amount of **$2,172.15 must be deducted from Defendants' bill of costs**.

13. Even if these depositions were taxable, they must be reduced by anything but the "original transcript … plus one copy" that is allowed by Local Rule 54.1(c)(2). Accordingly, the attendance fees, MLV connect and "Expert/Tech" costs should be deducted, if the transcript plus one copy is permitted.

14. Defendants also improperly seek costs for videographer services, which are not taxable under Local Rule 54.1(c)(2). As set forth in Defendants' Exhibit C, Defendants improperly seek costs for a videographer for the depositions of Isaac Kardon ($237.50) and Plaintiff ($807.50). Any costs, therefore, **must be reduced by $1,045.**

15. Defendants also seek the costs for subpoenas of witnesses that were not cited or relied upon in the Court's Order granting summary judgment. In Defendants' Exhibit B, Defendants requests costs for service upon Plaintiff's therapist Elizabeth Johnson ($373) and Plaintiff's professional coach Meredith Mitnick ($265). These depositions were not cited or relied upon by the Court, so that Defendants' bill of costs **must be reduced by an additional $638**.

16. Finally, Defendants submit an invoice as Exhibit D for $82.92 from Verizon for its request for phone records. Both the Court's Order and the underlying motion papers reveal that Plaintiff's phone records had no relevance to this case. Defendants should not be permitted to recover the costs of their futile fishing expedition that played no role in the Court's Order, so that their bill of costs should be **reduced by $82.92**.

17. Accordingly, Defendants should not be permitted to recover costs, given the circumstances of this case, including the fact that Defendants did not "prevail" on any argument they made and the delay in resolving the motion caused Plaintiff undue prejudice. Should the Court determine that costs are warranted against the Plaintiff, Defendants' inflated bill of costs totaling $8,382.46 should be reduced by $6,085.76, for a total amount of $2,296.70.

Dated: New York, NY
       May 23, 2022

_____
BRIAN HELLER