UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| LINDSAY LIEBERMAN, | |
|---|---|
| Plaintiff, | Case No. 21-CV-05053 |
| -against- | |
| C.A. GOLDBERG, PLLC & CARRIE A. GOLDBERG, | |
| Defendants. | |
| C.A. GOLDBERG, PLLC, | |
| Counterclaim Plaintiff, | |
| -against- | |
| LINDSAY LIEBERMAN, | |
| Counterclaim Defendant. | |

**DEFENDANTS' MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S BILL OF COSTS**

Hilary J. Orzick
Crumiller P.C.
16 Court St, Ste 2500
Brooklyn, NY 11241
(212) 390-8480
hilary@crumiller.com
Attorneys for Defendants and
Counterclaim Plaintiff

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................... 1

ARGUMENT ............................................................................................................................. 1

    I.    Plaintiff is Not Entitled to Costs Because She Was Not the Prevailing Party .................... 2

    II.    Plaintiff's Filing Fee Commencing Her Action is Not Recoverable ................................. 3

    III.    Plaintiff's Deposition Related Costs Are Unnecessary and Unjustified ......................... 3

    IV.    Plaintiff's Opposition to Defendants' Bill of Costs Undercuts her Own Request .......... 4

CONCLUSION .......................................................................................................................... 4

**PRELIMINARY STATEMENT**

Defendants C.A. Goldberg, PLLC and Carrie A. Goldberg (collectively, "Defendants" or "Goldberg") hereby submit the following objections to Plaintiff/Counterclaim Defendant Lindsay Lieberman's Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1). As set forth in greater detail below, Plaintiff is not the prevailing party, and Plaintiff's Bill of Costs seeks payment of improper expenses having nothing to do with the defense of her counterclaims, and Goldberg respectfully requests the Court exercise its discretion and decline to award costs to Plaintiff.

**FACTUAL BACKGROUND**

On September 10, 2021, Plaintiff filed an action alleging employment discrimination against Defendants. Dkt. No. 1. On December 7, 2021, Defendants filed an Amended Answer and Counterclaims of breach of duty of loyalty. Dkt. No. 21. On May 5, 2025, this Court entered judgment dismissing all claims and counterclaims. Dkt. No. 45. On May 12, 2025, Plaintiff filed a motion for reconsideration of the summary judgment order; the Court denied Plaintiff's motion. Dkt. Nos. 46-47; 50. On May 30, 2025, Plaintiff filed her Bill of Costs requesting recovery and taxation for expenses related to (1) her filing fee for initiating her employment discrimination action against Defendants and (2) the deposition of Carrie Goldberg, including two appearance fees and the cost of an "Electronic Final of Carrie A.A. Goldberg." Dkt. No. 52, Exhibits C & D.

**ARGUMENT**

"Items proposed by winning parties as costs should always be given careful scrutiny. *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, 09 CV 8685 (HB), at *5 (S.D.N.Y. July 18, 2011); *Campbell v. Empire Merchants, LLC*, 16-cv-5643 (ENV) (SMG), at *3-4 (E.D.N.Y. Jan. 31, 2020); (citing *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). The burden is

1

on the prevailing party, here, the Plaintiff, to establish to the court's satisfaction that the taxation of costs is justified." *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, No. 01 Civ. 11448 JGK, 2011 WL 102715 at *2 (S.D.N.Y. Jan. 6, 2011).

I. **Plaintiff is Not Entitled to Costs Because She Was Not the Prevailing Party**

First, Plaintiff is not the prevailing party and, thus, is not entitled to costs. Defendants are the prevailing parties, notwithstanding the imposition of the Counterclaim and its dismissal. *Graybill v. VanDyne*, 67 Misc. 2d 228, 232, 324 N.Y.S.2d 291, 294 (Sup. Ct. 1971); *see also JA Apparel Corp. v. Abboud*, No. 07 CIV. 7787 (THK), 2010 WL 1488009, at *4 (S.D.N.Y. Apr. 13, 2010); *ARP Films. Inc. v. Marvel Entm't Group, Inc.,* 952 F.2d 643, 651 (2d Cir.1991) ("In view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that plaintiffs were not prevailing parties within the meaning of ... Fed.R.Civ.P. 54(d), and accordingly were not entitled to costs or attorneys' fees."); *Testa v. Village of Mudelein, Illinois,* 89 F.3d 443, 447 (7th Cir.1996) ("[T]he prevailing party is the party who prevails as to the *substantial* part of the litigation.... Considering the mixed outcome ... the decision requiring each party to bear its own costs is within [the court's] discretion.") (internal citations and quotation marks omitted); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.,* 766 F.2d 1007, 1015 (7th Cir.1985) ("[T]his court has held that under Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation.'").

Here, Plaintiff was unsuccessful in the substantial portion of the litigation, and her matter was dismissed at summary judgment. She cannot be considered the prevailing party and Fed. R. Civ. Proc. 54 therefore does not apply. This Court can deny her request on this alone.

## II. Plaintiff's Filing Fee Commencing Her Action is Not Recoverable

Plaintiff seeks recovery on "fees of the Clerk that Lieberman expended to commence this action" in the amount of $402.00. Dkt. No. 52-001 at ⁋ 4. Plaintiff's request defies logic. Her commencement of her lawsuit against Goldberg is clearly an expense incurred in connection with her claims against Defendants – which were dismissed and therefore not entitled to be taxed. This could not possibly be an expense incurred in defending herself against Goldberg's counterclaims – which were filed long after the commencement of Plaintiff's lawsuit. Given that this expense was incurred solely in pursuit of her unsuccessful claims, they are not recoverable and should be stricken from the Bill of Costs.

## III. Plaintiff's Deposition Related Costs Are Unnecessary and Unjustified

Plaintiff improperly seeks recovery of fees attendant to the deposition of Carrie Goldberg. Local Civil R. 54.1(c)(2). "Even where the cost of a deposition transcript itself will be taxable under these standards, certain associated fees that are not necessary generally may not be taxed-for example, expedited service, delivery costs, ***appearance fees***, and rough diskettes and/or ASCII disks." *Farberware Licensing Co. LLC v. Meyer Marketing Co., Ltd.,* No. 09 Civ. 2570(HB), 2009 WL 5173787, at *5 (S.D.N.Y. Dec. 30, 2009) *aff'd,* No. 10 Civ. 0384, 2011 WL 2618722 (2d Cir. July 05, 2011)) (emphasis added, internal citations omitted); *Yin v. Japan Soc., Inc.,* No. 99 Civ. 4806 (HB), 2000 WL 827671, at *2 (S.D.N.Y. June 27, 2000).

Despite this, Plaintiff seeks recovery and taxation of two appearance fees, each costing $55.00, for a total of $110.00. Plaintiff failed to meet her burden that these attendant costs are justified and necessary to litigation. This Court should not require Defendants to pay Defendants' unnecessary or unsubstantiated expenses. Therefore, Defendants requests that this Court, at the very least, reduce the costs sought by $110.00.

## IV. Plaintiff's Opposition to Defendants' Bill of Costs Undercuts her Own Request

Ironically, Plaintiff opposed Defendants' Bill of Costs – making several arguments that would render her own request for costs improper. For example, Plaintiff argues that the Court's delay of 2 years and 8 months before the issuing the summary judgment order warrants a rejection of a bill of costs. Dkt. No. 51 at ¶ 7. Defendants submit that, if the Court agrees with Plaintiff's arguments presented in her opposition to Defendants' bill of costs, that Plaintiff's bill of costs be denied for the same reason.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Bill of Costs, or at the very least, reduce it to only costs necessary for the litigation of her defense action.